UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    *
                           *
     v.                    *
                           *      Criminal No.   70-cr-00154-IT
GERARD S. SULLO,         *
                           *
       Defendant.       *

MEMORANDUM & ORDER

January 31, 2018

TALWANI, D.J.

Before the court is Gerard S. Sullo's Petition for Writ of Error Coram Nobis [#2]. Sullo seeks to vacate his 1970 conviction for not paying tax on the transfer of marijuana. He now claims that he received ineffective assistance of counsel in entering a guilty plea, because his attorney failed to advise him that a timely and proper assertion of his Fifth Amendment privilege against self-incrimination provided a complete defense to the crime charged. For the following reasons, the court DENIES Sullo's petition.

I.     Background

To understand the basis for Sullo's petition, it is necessary to explore the statutory scheme of the Marihuana Tax Act, 26 U.S.C. § 4741, *et seq.* (repealed 1970); the original records in this case, United States v. Gerard S. Sullo, 70-cr-00154, as well as those in a related 1969 case, United States v. Gerard S. Sullo, Cr. No. 69-62-F; and case law addressing the constitutionality of the Marihuana Tax Act at the time Sullo pleaded guilty.

*A.*        *The Marihuana Tax Act*

Section 4742(a) of the Marihuana Tax Act prohibited transfers of marihuana "except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the [Treasury] Secretary or his delegate." Internal Revenue Service ("IRS") regulations required that any transferee provide the following information on the written order form: (1) the name and address of the transferor and transferee; (2) the registration numbers, if applicable, of the transferor and transferee; and (3) the quantity of marihuana transferred. See Leary v. United States, 395 U.S. 6, 15 (1969). These forms were to be open to inspection by state and local officials "charged with the enforcement of any law or municipal ordinance regulating the production of marihuana or regulating the sale, prescribing, dispensing, dealing in, or distribution of narcotic drugs or marihuana." 26 U.S.C. §§ 4742(d), 4773.

Section 4741(a) of the Act imposed a tax "upon all transfers of marihuana which are required by section 4742 to be carried out in pursuance of written order forms." Transfers to certain registered transferees, such as physicians and researchers, were taxed at $1 per ounce, while transfers to non-registered transferees were taxed at $100 per ounce. These taxes were to be paid "by the transferee at the time of securing each order form," although a transferor was liable to pay the tax in the event that the transferee failed to do so. Id. § 4741(b).

Section 4744(a) made it unlawful "for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) . . . (1) to acquire or otherwise obtain any marihuana without having paid such tax, or (2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana" obtained without having paid the § 4741(a) transfer tax. Proof that a transferee possessed marihuana but failed to produce the order form

required by § 4742 was considered "presumptive evidence of guilt under [section 4744(a)] and of liability for the tax imposed by section 4741(a)." Id. § 4744(a).

Penalties under the Act differed under the two sections, perhaps in recognition of the different roles of transferee and transferor. A conviction of the transferee under § 4744(a) carried a penalty of imprisonment of "not less than 2 or more than 10 years." Id. § 7237(a). A conviction of the transferor under § 4742(a), however, carried a penalty of imprisonment of "not less than 5 or more than 20 years." Id. § 7237(b). While a court could impose a suspended prison sentence or probation for a § 4744(a) conviction, the statute prohibited imposition of a suspended sentence or probation for a § 4742(a) conviction. Id. § 7237(d).

B.    1969 Indictment for Violating 26 U.S.C. § 4742(a)

Sullo was indicted on March 18, 1969, for transferring 686 grams of marihuana on or about October 21, 1968, without a written order, in violation of 26 U.S.C. § 4742(a). See Notice 4 [#15-1] (Case File in CR 69-62-F). On April 14, 1969, Sullo's defense attorney filed a motion to continue his case, pending the Supreme Court's issuance of a decision in a pending case, United States v. Covington, challenging a conviction under § 4744 of the Marihuana Tax Act. See id. at 11. Defense counsel also filed a motion to dismiss the indictment, arguing that "the indictment charges the defendant with a violation of [26 U.S.C. § 4742(a)], and that this section as applied to the defendant is violative of Amendment V of the U.S. Constitution." Id. at 9.[1]

C.    1969 Supreme Court Cases Addressing the Marihuana Tax Act

On May 19, 1969, the Supreme Court held in Leary v. United States that a defendant's

---

[1] The docket sheet of Sullo's 1969 case reports that on June 23, 1969, the motion to dismiss was allowed. See id. at 1. However, the case file does not include a court order allowing Sullo's motion to dismiss in 1969. As detailed below, the indictment was still pending at the time of the 1970 guilty plea, and was only then dismissed, on the government's motion.

timely and proper assertion of the Fifth Amendment privilege against self-incrimination served as a complete defense to prosecution under § 4744(a)(2). See 395 U.S. at 27. United States v. Covington, 395 U.S. 57, 59 n.3 (1969), issued the same day as Leary, held that the privilege against self-incrimination also served as a complete defense under § 4744(a)(1).

Leary recognized that § 4742 required a transferee "in the course of obtaining an order form, to identify himself not only as a transferee of marihuana but as a transferee who had not registered and paid the [required] occupational tax." 395 U.S. at 16. Order forms indicating this information were then open to inspection by state and local law enforcement officers at a time when each state prohibited possession of marihuana. Id. By filing written order forms, non-registered transferees would be revealing their possession of marihuana in violation of state law. Id. at 18. This class of possessors "constituted a 'selective group inherently suspect of criminal activities.'" Id. Accordingly, as applied to marihuana transferees, the written order form requirement in § 4742 "created a 'real and appreciable' hazard of incrimination." Id.

Leary and Covington thus made clear that a transferee prosecuted for violating either subsection of § 4744(a) could assert his or her Fifth Amendment privilege as a complete defense. In December of 1969, however, the Court held that this privilege was limited to transferees, and was not available to marihuana transferors prosecuted under § 4742(a) of the statute. In Minor v. United States, 396 U.S. 87, 92 (1969), the Court held that the vice of the Marihuana Tax Act, as recognized in Leary, "stemmed from the dilemma that confronted the buyer." That is, the statute required buyers, not sellers, to provide the incriminating information at issue. Id. at 91 n.3. Although "compliance with that obligation may 'inform' on the seller, it would not ordinarily be thought to result in the latter's 'self-incrimination.'" Id. Therefore, as of December 1969, the Court had clarified that Sullo *did not* have a complete Fifth Amendment defense to his 1969

indictment for the unlawful transfer of marihuana in violation of 26 U.S.C. § 4742(a).

        D.        *1970 Information for Violating 26 U.S.C. § 4744(a)(1)*

On April 21, 1970, Sullo waived indictment and pleaded guilty to an information

charging that on or about October 21, 1968, Sullo acquired and obtained 686 grams of marihuana

without paying the transfer tax required by 26 U.S.C. § 4741(a), thereby violating § 4744(a)(1).

Sullo was represented by the same attorney he had retained in the 1969 case. See Docket Entry 1

[#1-1] (District Court Docket in CR 70-154-F). Also on April 21, 1970, Sullo filed a waiver of

constitutional rights, stating:

> Now comes the defendant Gerard S. Sullo, having had his rights against becoming
> a witness against himself fully explained by his attorney of record and with
> knowledge of his right to remain silent and to put the United States to the burden
> of proving its case beyond a reasonable doubt, and waives the rights accorded to
> him by the Fifth Amendment to the Constitution of the United States, particularly
> in so far as it protects him against having to make written acknowledgment of intent
> to commit a crime by becoming a transferee of [m]arihuana without having filed
> the necessary documents and without having paid the transfer tax thereon.

Id. Sullo's signature appears at the bottom of this waiver. Id. On May 18, 1970, the court

sentenced Sullo to the minimum two years imprisonment and two years of probation. It

suspended execution of the prison sentence. Id. That same day, the government moved for

dismissal of the 1969 case "for the reason that the defendant has waived indictment and pleaded

guilty to an Information therefor, (Criminal No. 70-154-F); and, it is felt that the punishment

imposed upon the defendant in that case is adequate and that further prosecution would not be in

the interests of justice." Notice 3 [#15-1] (Case File in CR 69-62-F). On May 18, the court

finally entered a Dismissal of Indictment in the initial 1969 case.  Id. at 1.

        E.  *Events Following Sullo's Conviction*

In October 1970, Congress repealed the Marihuana Tax Act through the Comprehensive

Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801. See Limon-Gonzalez v.

United States, 499 F.2d 936, 937 (5th Cir. 1974). Further, the docket in the 1970 case reflects that Sullo filed a motion to seal the record in the case on December 8, 1986. Docket 1 [#1]. The case file does not contain the motion to seal and does not indicate whether the court allowed it.

Other than these events, the only facts available to the court as to what occurred following Sullo's conviction are those supplied in an affidavit by Sullo filed in response to the Government's Opposition to his petition. See Def.'s Answer to Gov't's Opp'n to Petition for Writ of Error Coram Nobis Ex. 2 [#12-2] ("Sullo Affidavit"). In the affidavit, Sullo states that he has been licensed to carry a firearm for approximately fifty-eight years, recently learned upon attempting to purchase a firearm that he could not do so because he had a felony conviction, and subsequently was forced to surrender his license to law enforcement. Id. at ¶¶ 2, 4-6. According to Sullo, he did not initially remember the existence of his felony conviction, but nonetheless retained an attorney who uncovered his 1970 case file. Id. at ¶¶ 7-9.

Upon reviewing the 1970 case file, Sullo recalled the events leading to his conviction. Id. at ¶ 10. As Sullo summarizes those events, his attorney in 1970 "advised [him] under threat of lengthy imprisonment in a federal penitentiary to waive prosecution by indictment and consent to the proceeding by information." Id. Further, the attorney informed Sullo that he negotiated a plea agreement with the United States Attorney's Office through which Sullo would receive a suspended sentence, thereby avoiding a potential term of imprisonment. Id. Sullo states that he "was never advised that [he] was pleading to a felony by either my attorney or the judge, nor was [he] told that by pleading guilty in federal court that [he] would be forfeiting [his] Second Amendment Right to Bear Arms." Id. at ¶ 11. Further, he states that he "was never told at that time that in 1969 there was a case of *Leary v. United States* and that part of the [Marihuana Tax Act] was

ruled to be unconstitutional as a violation of the Fifth Amendment." <u>Id.</u> at ¶ 13. He filed

the petition for a writ of error *coram nobis* to correct this alleged error.

II.    <u>Discussion</u>

A writ of error *coram nobis* is a remedy to correct "errors of the most fundamental

character." <u>United States v. Morgan</u>, 346 U.S. 502, 512 (1954) (quotation omitted). Although

Rule 60(b) of the Federal Rules of Civil Procedure abolished the writ in civil cases, it remains

available in criminal ones. <u>See</u> <u>United States v. Sawyer</u>, 239 F.3d 31, 37 (1st Cir. 2001). The writ

"is an 'extraordinary remedy' allowed 'only under circumstances compelling such action to

achieve justice.'" <u>Id.</u> (quoting <u>Morgan</u>, 246 U.S. at 511). "[A] petitioner must 1) explain [his]

failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences

from the conviction, and 3) prove that the error is fundamental to the validity of the judgment."

<u>Id.</u> at 38. Even if a petitioner satisfies each of these requirements, "the court retains discretion to

deny the writ if the petitioner fails to show that 'justice demands the extraordinary balm of coram

nobis relief.'" <u>United States v. Castro-Taveras</u>, 841 F.3d 34, 39 (1st Cir. 2016) (quoting <u>United</u>

<u>States v. George</u>, 676 F.3d 249, 255 (1st Cir. 2012)). In determining whether the original

proceedings involved a fundamental error, "[i]t is presumed the proceedings were correct and the

burden rests on the accused to show otherwise." <u>Morgan</u>, 346 U.S. at 512. As relevant here,

"[w]hen a defendant seeks to vacate a guilty-plea conviction by way of coram nobis, great

caution is warranted." <u>United States v. George</u>, 676 F.3d 249, 257 (1st Cir. 2012).

Even assuming Sullo can meet the first two requirements for the writ, he fails to meet his

burden of showing a "fundamental error" in the original proceedings that warrants *coram nobis*

relief. Sullo contends that he received ineffective assistance of counsel in violation of the Sixth

Amendment. This can be a viable basis for the writ. <u>See</u> <u>Castro-Taveras</u>, 841 F.3d at 36-37. To

prevail on a claim that he received ineffective assistance in pleading guilty, Sullo "must show, first, that counsel's performance was deficient, and second, that 'the outcome of the plea process would have been different with competent advice." United States v. Rivera-Ruperto, 852 F.3d 1, 7 (1st Cir. 2017) (quoting Lafler v. Cooper, 566 U.S. 156, 163 (2012)). In doing so, he "must *allege and demonstrate* that his counsel's error clearly 'resulted from neglect or ignorance rather than from informed, professional judgment.'" Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992) (quoting United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978)).

Sullo asserts that, in light of Leary and Covington, his decision to plead guilty to a violation of 26 U.S.C § 4744(a) must have been the result of constitutionally deficient assistance, as he stands convicted for violating a statute that was rendered unconstitutional the year before his guilty plea. Neither Leary nor Covington rendered the Marihuana Tax Act unconstitutional in its entirety, however. Rather, they held that a timely and proper assertion of the Fifth Amendment privilege against self-incrimination provided a complete defense to a transferee prosecuted under § 4744(a)(1) and § 4744(a)(2) respectively. To be sure, Leary and Covington offered Sullo a complete defense in his 1970 case, in which he was charged by information with violating § 4744(a)(1) as a *transferee*. Those cases did not, however, offer Sullo a complete defense to his 1969 indictment for violating § 4742 as a *transferor*.

This presented Sullo with the following scenario. The 1969 indictment charging a violation of 26 U.S.C. § 4742(a) carried a mandatory minimum penalty of five years imprisonment without the possibility of a suspended sentence or probation. Although Sullo attempted to dismiss this indictment in April 1969 based on an assertion of his Fifth Amendment privilege, the December 1969 opinion in Minor foreclosed this defense. Sullo's decision in 1970 to waive indictment and expressly waive his privilege against self-incrimination in the 1970 case,

in language that carefully and conspicuously avoided the constitutional problem presented in Leary and Covington, was contemporaneous with the dismissal of the indictment in the 1969 case. Therefore, it appears that, in exchange for waiving his Fifth Amendment self-incrimination defense to the § 4744(a)(1) prosecution as a transferee, Sullo averted prosecution as a transferor under § 4742(a), thereby avoiding a higher mandatory minimum sentence and securing the possibility of a suspended sentence and probation. This is consistent with Sullo's recollection, summarized in his affidavit, that his attorney advised him to plead guilty to the § 4744(a) violation in order to avoid a lengthy term of imprisonment. See Sullo Affidavit ¶ 10.

Courts have recognized that where a defendant is charged with violating § 4744(a) as well as another provision carrying a higher penalty, "such an accused may knowingly and expressly waive his defense of the privilege against self-incrimination to the section 4744(a) count in order to limit his conviction to this count and thereby minimize the possible severity of his punishment." United States v. Ligouri, 430 F.2d 842, 844 n.2 (2d Cir. 1970); see also Smedberg v. United States, 448 F.2d 401, 402-03 (5th Cir. 1971) (defendant knowingly and understandably waived his privilege as to a § 4744(a) count "rather than risk a conviction" under counts carrying higher penalties). The knowing and voluntary nature of Sullo's waiver in the 1970 case is bolstered by his attempted assertion of the privilege in the 1969 case. This showed that Sullo's attorney was tracking developments in case law applying the Marihuana Tax Act and was paying careful attention to how those developments were affecting Sullo's rights.

Sullo has not met his burden to show that his decision to plead guilty to violating 26 U.S.C. § 4744(a)(1) resulted from constitutionally deficient assistance rather than his attorney's exercise of professional judgment. After reviewing the record, the court is not convinced that there was any error in the original proceedings, let alone a fundamental error demanding "the

extraordinary balm of coram nobis relief." <u>George</u>, 676 F.3d at 255. Accordingly, the <u>Petition for Writ of Error Coram Nobis</u> [#2] is DENIED. This case remains closed.

     IT IS SO ORDERED.

January 31, 2018

/s/ Indira Talwani         <br>
United States District Judge